IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANICE R. LEVY | : MISCELLANEOUS ACTION |
| | : |
| v. | : NO. 16-171 |
| | : |
| WELLS FARGO ADVISORS, LLC, *et al.* | : |

MEMORANDUM

**KEARNEY, J.**                                                                 **October 18, 2016**

On August 31, 2016, Janice Levy moved to vacate a private arbitration award entered 92 days earlier on May 31, 2016. She also emailed her motion to vacate to opposing counsel on August 31, 2016. The parties agreed to be governed under both the Federal Arbitration Act and New York law. Under the Federal Arbitration Act, Mrs. Levy only needed to *serve* her motion to vacate by August 31, 2016. But under New York Law, Mrs. Levy needed to *file* her motion no later than August 29, 2016. Even assuming email service suffices under federal law, Mrs. Levy did not file her motion on or before August 29, 2016. As the Federal Arbitration Act and New York law do not conflict on filing and service, the agreed governing New York law mandates we dismiss her motion to vacate filed on the 92nd day after the arbitration award.

I. Facts

Mrs. Levy hired Kevin J. Larkin in 1970 to assist in managing her investments in securities. Mr. Larkin eventually worked for Wells Fargo. The parties signed a customer agreement providing "[a]ny arbitration under this Agreement will be conducted pursuant to the Federal Arbitration Act and the Laws of the State of New York."[1]

After a three and one-half day hearing before a Financial Industry Regulatory Authority ("FINRA") Panel, Mrs. Levy received notice of the FINRA Arbitration Panel's award in favor of

Larkin and Wells Fargo on May 31, 2016.[2] Ninety-two days later, on August 31, 2016, Levy moved to vacate the arbitration award and emailed her motion to Wells Fargo's counsel.[3]

## II. Analysis

Upon review of the filing and service dates under the parties' customer agreement, we asked the parties to address the timeliness of Mrs. Levy's motion to vacate before they fully briefed the merits.[4]

Mrs. Levy argues her motion to vacate is timely because the Federal Arbitration Act ("Act" or "FAA") rather than New York Law governs the timeliness of her motion. Wells Fargo and Larkin argue there is no conflict between New York Law and the Act and a petitioner under this customer agreement must file a motion within 90 days of the entry of the arbitration award under New York Law and serve the motion within three months of the entry of the arbitration award under the Act.[5]

We need not reach the primacy of law question. Both New York Law and the Act apply. The Act governs *service* of Mrs. Levy's motion while New York State Law, N.Y. C.P.L.R. § 7511(a), governs the *filing* of her motion. The Act refers to service: "[n]otice of a motion to vacate, modify, or correct an award must be *served* upon the adverse party or his attorney within three-months after the award is filed or delivered."[6] New York law provides "*[a]n application* to vacate or modify an award *may be made* by a party within ninety days after its delivery to him."[7] By its plain language, the Act governs when *service* must be made and New York law governs when the motion must be *filed*.

Lest we be characterized as being persnickety in an unprecedented manner, several courts have drawn a similar distinction. For example, in *Hakala v. J.P. Morgan Securities, Inc.*,[8] the Court of Appeals for the Second Circuit affirmed the district court's finding New York's 90-day

2

limitations period in § 7511 governed the timeliness of the motion because, by its plain reading, the Act at § 12 "applies only to notice, *i.e.,* service, it does not apply to filing."[9] In *Hakala,* the plaintiff filed his motion to vacate the arbitration award 91 days (less than three months) after his receipt of the arbitration award.[10] The plaintiff there, like Mrs. Levy here, believed he timely filed because the Act controlled and not New York's statute.

In *Santos v. General Elec. Co.,*[11] the United States District Court for the Southern District of New York confirmed: "[t]he distinction between these two sources of law is that under the FAA the movant must give notice of, or serve, her application within three-months. In contrast, the New York statute refers to an application having been 'made' within 90 days (not three months), and the term 'made' contemplates filing rather than service."[12] The court concluded " a failure to either *file timely under the CPLR* or *to serve timely under the FAA* will be fatal to a motion to vacate . . . ."[13]

Consistent with *Santos,* other courts have distinguished between the filing and service. In *Webster v. A.T. Kearney, Inc.,*[14] the Court of Appeals for the Seventh Circuit clarified "now and for purposes of future cases that *service* of a motion to vacate is the act that stops the three-month statute of limitations. Unless and until Congress amends [9 U.S.C.] § 12 and makes filing the critical date, we will continue to enforce the plain language of the statute."[15] In *Glaser v. Legg,* the United States District Court for the District of Columbia struck a petition to vacate as untimely under the Act when plaintiff served the motion after three months even though the plaintiff filed the motion within three months.[16]

We disagree with Mrs. Levy's reliance on *Oberwager* to argue the Act rather than New York law applies when the customer agreement provides *both* the Act and New York law will apply. Wells Fargo agrees the service of process deadlines imposed by § 12 of the Act apply, but

also argues Mrs. Levy must comply with New York's mandate for the timeliness of filing of a motion to vacate under § 7511(a).

The district court and our Court of Appeals in *Oberwager* both discuss at length whether the Act's three month limitation or the state's ninety-day limitation governs when filing a motion to vacate an arbitration award. While at first glance the reasoning in *Oberwager* appears persuasive, the issue in *Oberwager* is not presented here. The plaintiffs in *Oberwager* argued the application of Delaware's law because it defined "final award" more broadly than the Act and provided plaintiffs with more time to file a motion to vacate. Our Court of Appeals addressed whether to apply the Act or Delaware law in defining "final award" and found the Act governed because a generic choice-of-law provision does not show intent to opt out of the default rule. The Court of Appeals never discussed whether a generic choice-of-law provision would alter the time deadlines for filing a motion to vacate because the Act and Delaware law do not conflict. Here, as found by courts described above, New York Law governs filing and the Act governs service of the timely filed motion upon the adverse party.

Mrs. Levy and her stockbroker signed a customer agreement governed by both the Act and New York law. Had these two paradigms conflicted, we would agree with her as to the Act governing, absent more specific evidence of intent for New York law to apply. But the Act and New York law do not conflict.

### III. Conclusion

Mrs. Levy moved to vacate 92 days after the final award. Filing and service are different concepts and the Act and New York law do not conflict on this point. Federal law does not address a filing deadline but New York law requires a filing within 90 days of the award. Even assuming her email service on the 92nd day after the award is valid under the Act, she did not

timely file the motion to vacate within 90 days of the May 31, 2016 arbitration award as required by the governing New York law. As Mrs. Levy untimely moved, we cannot proceed to the merits of whether a court should vacate the arbitration award. We are constrained under New York law to dismiss her motion to vacate, and close this case, in the accompanying Order.

---

[1] *See* ECF Doc. No. 1, Ex. A.

[2] Although the FINRA Panel sent the award with the third signature on June 6, 2016, the Panel specifically reminded the parties of the May 31, 2016 award date.

[3] It is not a foregone conclusion Mrs. Levy complied with the service requirements of §12, as she notified Wells Fargo's counsel by email only, not by formal service of process on Defendants or their corporate agents for service of process. *See* Fed.R.Civ.P. 5(b)(2)(E); *Oberwager v. McKechnie Ltd.*, No. 06-2685, 2007 WL 4322982, at *8 (E.D. Pa. Dec. 10, 2007), *aff'd*, 351 F. App'x 708 (3d Cir. 2009) (holding plaintiff must prove the defendant consented to service by email).

[4] ECF Doc. No. 7.

[5] The Act requires "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Federal courts must apply this provision of the Act in diversity cases where no federal question is otherwise involved. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 405 (1967).

[6] 9 U.S.C. § 12 (emphasis added).

[7] N.Y. C.P.L.R. § 7511(a) (emphasis added).

[8] *Hakala v. J.P. Morgan Securities, Inc.*, 356 F. Supp. 2d 355 (S.D.N.Y. 2005), *aff'd*, 186 F. App'x 131 (2d Cir. 2006), *cert. denied*, 552 U.S. 820 (2007).

[9] *Hakala,* 186 F. App'x at 133.

[10] *Id.*

[11] No. 10-6948, 2011 WL 5563544 (S.D.N.Y. Sept. 28, 2011), adopted 2011 WL 5563536 (S.D.N.Y. Nov. 15, 2011).

[12] *Id.* at *3, n.5.

[13] *Id.* at *9 (emphasis added). *See also Yonir Techs., Inc. v. Duration Systems, (1992) Ltd.*, 244 F. Supp. 2d 195, 206-207 (S.D.N.Y. 2002) (requiring both the FAA and CPLR's timeliness requirement to be satisfied); *DeGrate v. Broadcast Music Inc.*, No. 12-cv-1700, 2012 WL 5275260, at *2 (S.D.N.Y. Oct. 25, 2012), adopted 2013 WL 639146 (S.D.N.Y. Feb. 20, 2013) (holding the timeliness of a petition is governed by both the C.P.L.R. and the FAA but "they apply in different ways").

[14] 507 F.3d 568 (7th Cir. 2007).

[15] *Id.* at 572.

[16] 928 F. Supp. 2d 236, 239 (D.D.C. 2013). *See also Day & Zimmerman, Inc. v. SOC-SMG, Inc.*, No. 11-6008, 2012 WL 5232180, at *4 (E.D. Pa. Oct. 22, 2012) (using the Act to determine the timeliness of service).